**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DARRELL J. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  26-01975 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, a resident of Houston, Texas, alleges that on August 31, 2022, he "was sanctioned by U.S. District Judge Lynn N. Hughes in the amount of $100 . . . in retaliation for" exercising "his First Amendment right to petition the government for redress of grievances."  Compl., ECF No. 1 at 3 ¶ 1.  On October 25, 2024, moreover, "U.S. District Judge Drew B. Tipton entered an order striking Plaintiff's motion," which "further infringed upon his First Amendment rights and constituted judicial bias."  *Id*.  Plaintiff sues the United States "and the Donald J. Trump Administration." Compl., ECF No. 1 at 1.  He seeks damages and a judgment declaring "Defendants' actions unconstitutional and unlawful." *Id*. at 4.

The doctrine of sovereign immunity precludes a suit against the United States without its consent, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), which "must be unequivocally expressed in statutory text," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).  Article III judges performing, as alleged here, their official acts are considered "part of the United States

government for the purposes of sovereign immunity." *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180 (D.C. Cir. Jan. 14, 2015) (per curiam).

Plaintiff has not met his burden to show that Congress has "expressly waived" the United States' immunity for the claims asserted. *Id.*  Moreover, neither the President nor "the Donald J. Trump Administration" is a proper defendant.  Among other difficulties, Plaintiff fails to allege the President took any action relating to his case, and his assertion that the "Trump Administration has "act[ed] through . . . judicial officers," ECF No. 1 at 3, misunderstands the separation of powers. *See Patchak v. Zinke*, 583 U.S. 244, 250 (2018), quoting *Kilbourn v. Thompson*, 103 U.S. 168, 191 (1881) (under the separation-of-powers doctrine, "[e]ach branch" of Government "'exercise[s] . . . the powers appropriate to its own department,' and no branch can 'encroach upon the powers confided to the others.'").  Therefore, this case will be dismissed for want of jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Smith*, 44 F. Supp. 3d at 38 ("If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit.") (collecting cases)).

A separate order accompanies this opinion.

_____/s/_____
RANDOLPH D. MOSS

Date: July 16, 2026                     United States District Judge

2